

**FILED**
**Apr 12, 2019**
**01:00 PM (CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Stephanie Smith | ) | Docket No.  2016-08-0977 |
| | ) | |
| v. | ) | State File No.  67360-2016 |
| | ) | |
| TJ Maxx, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

---

### Affirmed and Certified as Final—Filed April 12, 2019

---

The employee, a worker in the clothing section of a store, sought medical and disability benefits for plantar fasciitis and a puncture wound to her foot.  The employer accepted the compensability of the puncture wound but denied that it was responsible for benefits relating to the plantar fasciitis.  Following an expedited hearing, the trial court found the employee had not established entitlement to benefits other than for those medical benefits made reasonable and necessary for treatment of the puncture wound.  That order was not appealed.  Following a trial, the court found the employee remained entitled to medical benefits made reasonable and necessary as a result of the puncture wound but declined to order any other benefits.  The employee has appealed.  We affirm the trial court's decision and certify its order as final.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Stephanie Smith, Memphis, Tennessee, employee-appellant, pro se

David Riley, Memphis, Tennessee, for the employer-appellee, TJ Maxx

**Memorandum Opinion[1]**

Stephanie Smith ("Employee"), a resident of Shelby County, Tennessee, worked for TJ Maxx ("Employer") when she suffered a puncture wound to her right foot on July 2, 2016, after stepping on the sharp hook of a security tag. Employer provided a panel of physicians from which Employee selected orthopedic surgeon Dr. John Lochemes.

Employee saw Dr. Lochemes on August 30, 2016, at which time he ordered an MRI of her right foot to rule out any foreign bodies, abscesses, or infections. He released her with restrictions of "sit-down only work." The MRI revealed a ganglion cyst unrelated to the puncture wound. At a follow-up appointment on September 9, 2016, Dr. Lochemes reviewed the MRI findings with Employee and released her to full duty.

Employee continued to experience pain and sought additional medical treatment on her own. She visited the emergency room and saw specialists in internal medicine and podiatry and ultimately received a diagnosis of plantar fasciitis. Employee returned to Dr. Lochemes on October 11, 2016, complaining of pain in the area of her foot where the puncture had occurred. Dr. Lochemes confirmed the diagnosis of plantar fasciitis in her right heel. He also noted she was experiencing pain and restricted motion in her right hip. An x-ray revealed osteoarthritis. Dr. Lochemes concluded the plantar fasciitis and hip issues were unrelated to Employee's work and released her with no permanent impairment or restrictions.

Employee sought further care from Dr. Paige Whittle on November 17, 2016. Although the record on appeal does not include medical records from Dr. Whittle, she completed a C-32 Standard Form Medical Report. Dr. Whittle described Employee's injury as a "puncture wound right arch, plantar fasciitis," recommended she work a limited number of hours per day, and indicated her employment more likely than not caused her need for treatment.

At an expedited hearing, Employee requested medical and temporary disability benefits, specifically asking that Employer pay for her unauthorized medical treatment and temporary disability benefits. The court found Employee had not established entitlement to benefits other than for those medical benefits made reasonable and necessary for treatment of the puncture wound. The court also found Employee offered insufficient evidence of the amounts or periods of temporary disability. Employee did not appeal that order.

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

At trial, Employee again sought medical benefits, payment of medical bills, and temporary disability benefits related to her plantar fasciitis as well as her puncture wound. She also requested permanent disability benefits. Employer asserted it had paid all owed benefits and maintained Employee's plantar fasciitis was not work related. The trial court ruled that Employee was entitled to reasonable and necessary medical care for the puncture wound but not for permanent disability benefits or temporary disability benefits for that injury. Further, the court found Employee was not entitled to benefits related to her plantar fasciitis. Employee has appealed.

Employee filed two notices of appeal, the latter of which included an attached "statement of the issues."[2] In the first notice of appeal, Employee identifies the disputed issues as "appeal of causation," "appeal denial of benefits and los[t] wages," "false findings of fact and erroneous," "corruption, violation of ethic [sic] conduct, wrong doing, not disclosing all information or considering all factual evidence." Her second notice of appeal states, "I appeal denial of causation, benefits of disability (TTD & PPD), loss of wages, medical bills incurred as a result from injury, deny the accuracy of the history of claim as described in compensation hearing order. Appealing on the basis of corruption and false documentation presented by opposing attorney."

Further, in the statement of the issues attached to her second notice of appeal, Employee asserts that the judge failed to consider "putting [her] life at risk" by ordering her to return to Dr. Lochemes, who she states "lied under oath and gave me an unsanitized instrument to use on my injury." Further, Employee alleges Dr. Lochemes refused to look at her foot during her last appointment, did not provide her with copies of her medical records, and "created a fictitious scenario and corruption/falsified documentation." Employee also states the trial court was biased, disregarded her emails requesting a second opinion, and failed to return records to her. Additionally she claims Employer failed to report her "first and second injury to foot" and alleges the opposing attorney "instructed [the] court reporter not to include [her] statements in the deposition." Finally, Employee states her appeal is "on the basis of biasness [sic], corruption, and medical malpractice, and other violations of TN annotations and statu[t]es."

We affirm the trial court's decision. First, Employee asserts several issues concerning the trial court, her treating physician, and opposing counsel that, as far as we can tell, were not raised below. Employee's failure to raise these issues in the trial court constitutes a waiver on appeal, and we will not address these issues in the first instance. *See Keyes v. Bridgestone Ams.*, No. 2016-06-2007, 2017 TN Wrk. Comp. App. Bd. LEXIS 33, at *7 (Tenn. Workers' Comp. App. Bd. May, 18, 2017) ("issues not presented to and decided by the trial court will not be considered by an appellate court"); *East v.*

---

[2] The notices of appeal, one filed on January 24, 2019 and the other filed on January 28, 2019, do not identify the date of the trial court's order being appealed, though we assume it is the order filed on January 15, 2019. Moreover, since both notices contain the same docket number, we assume Employee is appealing but one case.

3

*Heritage Hosiery Mill*, No. 2014-01-0009, 2014 TN Wrk. Comp. App. Bd. LEXIS 4, at *15 n.1 (Tenn. Workers' Comp. App. Bd. Dec. 12, 2014) (failure to raise an issue in the trial court constitutes a waiver of the issue on appeal).

Second, Employee has not filed a brief, and she has offered no meaningful argument explaining how she believes the trial court erred in denying her claim for benefits or other requests for relief. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as her counsel, which the law prohibits. *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

Third, although testimony was presented at trial, the record does not contain a transcript or a statement of the evidence. Thus, the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court. Instead, consistent with established Tennessee law, we presume the trial court's decision was supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible . . . was found or should have been found favorably to the appellee.").

Finally, we note parenthetically that Employee is self-represented in this appeal, as she was in the trial court. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). However, as explained by the Court of Appeals,

> courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted). In the present case, we cannot and will not craft an argument in support of Employee's appeal.

For the foregoing reasons, the trial court's order is affirmed and certified as final.



| Stephanie Smith | ) | Docket No. 2016-08-0977 |
|---|---|---|
| | ) | |
| v. | ) | State File No. 67360-2016 |
| | ) | |
| TJ Maxx, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 12th day of April, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Stephanie Smith | | X | | | X | steffyluv@yahoo.com |
| David Riley | | | | | X | driley@gwtclaw.com pwilliams@gwtclaw.com |
| Allen Phillips, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | penny.patterson-shrum@tn.gov |

Matthew Salyer

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov